United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 6, 2024
Lyle W. Cayce
Clerk

Certified as a true copy and issued
as the mandate on Mar 25, 2024

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-10036

CONGHUA YAN,

*Plaintiff—Appellant,*

versus

THE STATE BAR OF TEXAS, *a private company*; THE BARROWS FIRM, *a private company*; LESLIE STARR BARROWS, *in Individual Capacity, as Member of the State Bar of Texas*; WILLIAM ALBERT PIGG, *in Individual Capacity, as Member of the State of Texas*; SAMANTHA YBARRA, *in Individual Capacity, as Member of the State Bar of Texas*; LUIS JESUS MARIN, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; DANIEL EULALIO MARTINEZ, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; RACHEL ANN CRAIG, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; LORI L. DEANGELIS, *in individual capacity, as member of the State Bar of Texas and official capacity as Associated Judge*; TARRANT COUNTY; U.S. BANK,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-758

_____

UNPUBLISHED ORDER

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this case, Plaintiff filed two *pro se* notices of appeal from the district court's December 13, 2023 order denying his fourth motion for sanctions.

"Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to FED. R. CIV. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). The district court's order denying Plaintiff's motion for sanctions is not a final or otherwise appealable order.

Accordingly, the appeal is DISMISSED for want of jurisdiction.